Booth, J.,
delivered the opinion of the court.
This is a demurrer to claimant’s petition. The case rests upon a contract executed by claimant’s decedent on June 9, 1858. The subject-matter is the furnishing of materials and labor as specified therein, for the completion of what is known as “ Cabin John Bridge No. 4.” The material allegations in the petition, decisive of claimant’s right to sue herein, are found in .the clauses of the contract respecting the time, manner, and mode of payment prescribed for all of said work and material. Clause 2 of the contract provided:
“ The principal assistant engineer, or an assistant engineer by his direction, shall, as soon as practicable after the end of each month, make out an estimate of the quantity and value of each species of Avork done pursuant to this contract at the prices contained in the annexed proposal. He shall also include the Avalué of any extra Avork done in consequence of any alteration of the plan of the Avork Avhich may have been adopted by the said engineer in charge, Avhen such alterations shall have caused an increased expense to the contractor; and Avhen any such alterations shall have caused a saving of ex-pefise to the contractor, the engineer shall make a reasonable deduction therefor from the estimate so made; and if the said engineer in charge of the aqueduct shall approve said estimate, it is mutually agreed betAveen the contracting parties that it shall be binding, and shall be paid by said engineer.”
Clause 3 provided:
“ Within ten days after the return of any monthly estimate to the engineer in charge, nine-tenths of the sum appearing to be due for Avork performed since the preceding estimate shall be paid to the contractor.”
Clause 5 provided:
“ Within thirty days after the work shall haATe been completed and accepted by the engineer, a final estimate therefor shall be made and approved in the manner provided for making and approving monthly estimates, and shall in like manner be paid by said engineer in charge, together with the retained percentage.”
The petition alleges generally that the contractor faithfully performed his part of the contract in pursuance of the terms thereof, and that notlrwithstanding such performance on his part the United States did not comply with its obli *452 gation to pay for said labor and materials furnished as prescribed therein, to his damage in the sum of $22,970.26.
The contract — which is made a part of the petition — provided for the completion of the work mentioned therein within twelve months from June 12, 1858.
It is apparent from an observation of the above-mentioned dates that the claimant’s right to maintain suit herein is barred by the statute of limitations, unless some legal impediments forestalled the assertion of his claim. It is insisted in his behalf that the clauses hereinbefore mentioned respecting the time and manner for payment were in effect a reference of said subject to arbitration, and until said engineer officer decided the question the courts were by the terms of the agreement precluded from exercising jurisdiction in the premises; that he demanded payment for said labor and materials on December 17, 1858, on February 3, 1859, on December 1, 1863, and again on March 26, 1902; that the Government did not refuse to make payment, simply disputing the amount due until May 18, 1900, when defendants disclaimed authority to consider and ability to pay. It does not require the citation of authorities to sustain the proposition that where parties to a contract expressly covenant to abide the decision of an engineer officer respecting the time and manner of payment for work and labor or materials furnished under the agreement, the decision of said officer is a condition precedent of claimant’s right to sue for any amount alleged to be due him. In fact, such a decision rendered in accord with the terms of the contract is unimpeachable in the courts, save for bad faith or dishonest disregard of the rights of the contracting parties. (United States v. Gleason, 175 U. S., 588.)
The question herein is not as to the action of the engineer officer under the clauses of the contract authorizing him to act, but his nonaction for a period of time in excess of twenty years. If the defendants by simply carrying upon the books of the proper department what is commonly designated as an open, unsettled account, wherein neither debits nor credits appear for over six years, thereby toll the statute of limitations and give vitality to an otherwise stale claim, then the statute designed as a statute of repose fails in its purpose.
*453 Under tbe clauses of the contract set forth in claimant’s petition remedies which we need not suggest were clearly available to enforce compliance with its terms respecting payment of money due thereunder. Under clause 5 of the contract a time limit of thirty days subsequent to the completion and acceptance of the work by the engineer was fixed within which final settlement was to be made by him. The award must be made within the time limit. (Russell on Law of Awards, 4 ed., p. 126.)
The demurrer is sustainable upon claimant’s contention, for if the decision of the engineer officer is a condition precedent to resort to the courts, then the absence of an allegation showing such a decision is fatal to the cause of action. The petition does not allege bad faith or in anywise seek to impeach the conduct of the engineer officers. The general allegations of indebtedness are sufficient to cover a case predicated as this case is upon an express contract defining mutual rights and responsibilities. The petition must follow the contract and specifically point out the breaches thereof relied upon. The demurrer will be sustained. Leave granted to amend the petition within thirty days from this date.